### 798.  BURDETT *v.* WOOD.

The verdict of the jury in the justice's court was fully supported by evidence, and there was no error in the judgment overruling the certiorari.

Certiorari, from Fulton superior court—Judge Ellis. September 13, 1907.

Submitted December 18, 1907.—Decided January 29, 1908.

*George W. Brooks, W. C. Munday,* for plaintiff in error.

RUSSELL, J.  The defendant in error sued out an attachment for a balance of the purchase-money of one black mule. The jury rendered a verdict for $40 in his favor, and the defendant (now plaintiff in error) carried the case by certiorari to the superior court. There his honor Judge Ellis overruled the cer-

tiorari; and exception is taken to this judgment. The only as-signments of error in the petition for certiorari are, that the verdict and judgment in the justice's court are contrary to law and contrary to the preponderance of the evidence; that the ver-dict is contrary to law, because there is no proof in the evidence that the mule upon which the attachment was levied is the mule sold by the plaintiff to the defendant, and because there had been a new trade between the parties; and it is insisted by the defend-ant that the second transaction abrogated the first.

It appears, from the evidence, that Wood, the plaintiff in the justice's court, sold Burdett a black mule and a mare, for which Burdett paid him $150 cash and was to pay $50 more in sixty days. Burdett wanted the team to work to a sand wagon, and Wood represented that the team was suitable for that purpose and would work. There is dispute as to the qualities of the mare, and testimony was given by the defendant, his wife, his son, and two other witnesses, Taylor and Crenshaw, that the mare was such a kicker as to be unsuitable for the purposes intended. To the contrary, the plaintiff and witnesses, Powell and Hall, in his behalf testified that the mare was not a kicker, but worked all right. This point, however, became immaterial in the case, because, according to the undisputed testimony of both parties, Wood, upon Burdett's complaint as to the mare, took her back and substituted in her stead another mule; and there is no evi-dence whatever that the mule which Burdett accepted in place of the mare has ever given the defendant any cause for dissatis-faction. As the testimony of the plaintiff that he traded back with Mr. Burdett and agreed to give him $10 to boot, between the mare and the mule, was not contradicted, the mule, so far as the right to attach for purchase-money is concerned, stood in lieu of the mare first sold, except that the unpaid balance of pur-chase-money was reduced from $50 to $40. There is no reason why the plaintiff could not attach the mule as well as he could have attached the mare. Nor is there any merit in the conten-tion of the plaintiff in error that the mule upon which the attach-ment for purchase-money was levied was not proved to be the mule sold by the plaintiff to the defendant. The jury could well have inferred, from the testimony of all of the witnesses who tes-tified with reference to the trade, that the mule levied upon was

the mule exchanged for the mare. And if it was not the same mule, it was incumbent upon the defendant to show that fact in support of a proper defense filed to that effect.

*Judgment affirmed.*